## Downing's Heirs *vs* Collins *et al.*

ERROR TO THE MADISON CIRCUIT.

*Amendments. Conveyances. Publication.*

JUDGE MARSHALL delivered the Opinion of the Court.

IN this action of ejectment, brought on the demise of Downing's heirs, after the plaintiff had made out his case before the jury, the defendants read in evidence the record of a suit in chancery, brought in the same Court by John Hill, under whom they claimed the land in contest, which resulted in a decree against the plaintiff's lessors for a conveyance of the same land to Hill, and in a conveyance thereof in pursuance of the decree, by a commissioner, and an approval and confirmation of the conveyance by the Court in 1827. The demise was laid in 1838, and the trial had in 1841, and a verdict and judgment having been rendered for defendants, Downing's heirs have brought up the case for the revision of this Court.

The only question which we deem it necessary to decide, relates to the admissibility and effect of the chancery record, and the propriety of certain amendments made therein, for the purpose of sustaining the decree and conveyance; and as it is manifest that if the proceedings in that suit were to any extent regular, so as that the decree and conveyance therein were not void, they present, to that extent, a complete bar to the plaintiff's recovery in this action, by showing that the title was not in the lessors at the date of the demise, or afterwards; in which case they were undoubtedly admissible as evidence, and fatal in their effect; we shall proceed at once to those questions which affect the regularity and validity of the decree and conveyance.

And, 1st. A part of the heirs of Downing, who were defendants in the suit in chancery, having been served with process, and some of them having answered admitting the equity set up in the bill, the decree was certainly

Downing's h's.
vs
Collins et al.

veyance against
them, if in itself
regular, passes
their title, tho' it
may be irregular
as to others.

valid as to them, and the conveyance, so far as it was in itself sufficient, was effectual to pass their title.

2. But the greater number of the heirs of Downing having been non-residents, and the certificate of publication against them, as it originally stood in the record, having been insufficient in its form, on the day before the trial of this ejectment, an order was made in the chancery suit, on motion of the complainants therein, and which was opposed by the counsel of Downing's heirs, whereby the person who had certified the publication was permitted to amend his certificate in Court, by expressing more fully the character in which he certified, and also by stating the time at which the publication was commenced and during which it was continued; and the question is made whether the certificate, as thus amended, was properly admitted in evidence against the objection of the plaintiff. This question depends upon the power of the Court to authorize the amendment, and upon the sufficiency of the certificate as amended.

A certificate of
publication, to
sustain a decree
in chancery, a-
mended after a
lapse of 4 years
from the decree
and 7 years from
the publication.

The first of these questions is in effect decided in the affirmative by the case of *Jeffries' heirs* vs *Callis*, 4 *Dana*, 465, and on the authority of that case, we are of opinion that the Court had power to authorize the amendment; and although the certificate, as amended, merely states that the order was published in the paper named, "nine weeks successively, commencing on the first of October, 1824," without stating the date of the last publication, we are of opinion that it substantially shows such a publication as the law requires, and that even if the omission pointed out, might render the decree, founded upon such a certificate erroneous, it would not render it void: *Jeffries' heirs* vs *Callis, supra*. The amendment having been legally made, relates back to the date of the certificate, which in its present form, proves that there was sufficient constructive service of process when the decree was rendered; and whether in its original form it furnished sufficient evidence of that fact to support the decree in this collateral proceeding, need not be decided.

3. On reading the commissioners conveyance of the title of Downing's heirs to Hill, it appeared that the same was without a seal, and objection having been made on that

ground to its admissibility and effect as evidence, an order was thereupon made in the chancery suit, on the motion of the complainants therein, which was opposed by the counsel of Downing's heirs, permitting the commissioner who had executed the deed, to affix his seal to it and re-acknowledge it; whereupon it was again approved and confirmed by the Court, and ordered to be recorded and certified to the County Court, &c. Upon all which being done, the deed was again read to the jury, together with the order just stated; and the effect of this proceeding and of the conveyance before and after the amendment, is the only remaining subject of consideration.

It has been argued that upon principle and in analogy to the practice and doctrine with regard to the transfer of title by fine, at common law, the decree of the Court of chancery in favor of the complainant's right to have the land and the title, might be deemed sufficient to pass the title without the intervention of a commissioner, or any instrument in the form of an ordinary conveyance, or at least that the subsequent approval and confirmation by the Court of the commissioner's act, being a declaration of record, binding on the parties, that the title had been conveyed in pursuance of the decree, should be deemed sufficient if not conclusive evidence of that fact without the production of the instrument of conveyance, and even although that instrument should, in fact, appear to be insufficient in its mode of execution or otherwise, to pass the title. But to whatever weight these considerations might have been entitled, if the question were now a new one, the uniform practice and opinion of the Courts and the profession, have established the principle, from which we are not at liberty, if we were disposed now to depart, that the conveyance must be made by the act of the commissioner or by the party; and we feel bound to decide that, without a seal the instrument of conveyance by the commissioner, though approved by the Court, was inadmissible and ineffectual as evidence of the transfer of title. But the considerations which have been adverted to, the fact that by the decree the equitable rights of the parties requiring a conveyance of title from one to the other, have been settled; that the commissioner in carrying

A decree for a conveyance does not pass the legal title to land, without deed of conveyance under seal, approved by the Court.

DOWNING'S H'RS
      *vs*
COLLINS *et al.*

that decree into effect, is but the ministerial agent of the Court, acting under its supervision and inspection, and that his acts are to be returned into Court and there finally consummated and approved, are still entitled to great weight, not only in giving construction to his acts so as to make them effectual for the purposes of the decree, but also in determining how far they may be amendable after they are done and approved. And it seems to us that the omission to add a scrawl to his name as affixed to the deed, which must be deemed to have been a mere inadvertence on his part, and to have been unnoticed by the Court in its approval of the instrument, may be regarded as a mere misprision, amendable at any time by the leave and under the inspection of the Court; and if this be not so, we should not doubt, that under its power of effectuating the decree, the Court had a right, at any time, on the appearance of the parties, as in this case, to have a complete and effectual conveyance made by the same or another commissioner.

Lessors in eject-
ment, who claim
the possession
for their own use
and benefit, must
have right of pos-
session at the
trial.

The amendment in this case, by the affixing of a seal or scrawl to the commissioner's conveyance must, therefore, be deemed effectual to remove the objection to it, and even if it did not relate back to the date of the deed, as we are inclined to think that as a mere amendment it should do, but gave it operation only from the date of the amendment, as the deed then showed that at the time of the trial, the lessors of the plaintiff had no right to the possession, and as it was expressly admitted that the suit was prosecuted solely for the benefit of the lessors, and not for the benefit of the actual plaintiff, who was a fictitious lessee, we are of opinion that they were entitled, at most, to nothing more than a judgment for costs, and this having been offered to and refused by them, they have no right to complain of the instruction thereupon given, that the jury should find against them, nor of the verdict found in conformity with that instruction.

Wherefore, the judgment is affirmed.

*Bradley* for plaintiffs; *Turner* for defendants.